# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FRANCIS RILEY and JULIE RILEY,<br><br>Debtors. | Chapter 7<br><br>Case No. 4:11-bk-31978-BMW<br><br>**RULING AND ORDER REGARDING MOTION TO CLASSIFY RORY RILEY'S EQUITABLE ATTORNEY'S FEES AS AN ADMINISTRATIVE CLAIM (Dkt. 65)** |

This matter is before the Court pursuant to the *Motion to Classify Rory Riley's Equitable Attorney's Fees as an Administrative Expense* (the "Motion") (Dkt. 65) filed by Rory John Riley ("Rory") on February 12, 2021, as supplemented and amended by the *Supplemental and Amended Motion to Classify Rory John Riley's Equitable Attorney's Fees as an Administrative Expense* (the "Supplement") (Dkt. 82).

The Court held a hearing on the Motion on May 11, 2021, at which hearing Rory; Rory Brian Riley, counsel for Rory; Stanley J. Kartchner, the Chapter 7 Trustee (the "Trustee"); and Adam Nach, counsel for the Trustee ("Trustee's Counsel")[1] appeared. At the hearing, the Trustee reported that he did not oppose the Motion. At the conclusion of the hearing, the Court instructed Rory's counsel to supplement the Motion and took the matter under advisement. The Supplement was filed on May 17, 2021.

Based upon the filings, arguments of counsel, representations made at the hearing on the

---

[1] The Court will use "Trustee's Counsel" to refer to both Mr. Nach and Lane & Nach, P.C.

Motion, and entire record before the Court, the Court now issues its ruling.

**I.     Jurisdiction**

This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

**II.    Factual Background and Procedural Posture**

This case was commenced on November 17, 2011 (the "Petition Date"), when Francis Riley ("Francis") and Julie Riley (together with Francis, the "Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition"). Upon the filing of the Petition, the Trustee was appointed.

As of the Petition Date, there was ongoing litigation pertaining to the probate estate of Francis and Rory's mother (the "Probate Litigation").

The Debtors did not schedule any interests in any probate estates or trusts, but no party disputes that the Debtors' interest in the Probate Litigation became an asset of the bankruptcy estate (the "Bankruptcy Estate") upon the Debtors' filing of the Petition. (*See* Dkt. 12; Dkt. 34).

In January 2012, the Trustee reported that he held or expected to receive funds. (Dkt. 30). In July 2015, the Trustee noted on the docket that he was continuing to actively administer the Bankruptcy Estate. (Dkt. 48).

In September 2015, the Trustee filed an application to employ Trustee's Counsel to be his attorney in this case, which application the Court granted. (Dkt. 49; Dkt. 51). Trustee's Counsel represented the Bankruptcy Estate in the Probate Litigation.[2] Neither the Trustee nor any other party has sought to employ special counsel or employ any other professionals in this case.

---

[2] The billing statements attached to Trustee's Counsel's first interim fee application reflect that Trustee's Counsel became involved in the Probate Litigation immediately upon his employment by the Trustee and remained actively involved in the Probate Litigation. (*See* Dkt. 66 at Ex. A). Of the $11,853.50 in fees that have been sought by Trustee's Counsel and approved by the Court on an interim basis, $9,391.00 were attributed to asset and analysis disposition, and specifically "assist[ing] with a pending Probate Litigation related to Debtor's beneficial interest and successfully liquidat[ing] assets from the Trust which generated funds for the [Bankruptcy] Estate." (Dkt. 66 at 4).

   The Court also notes that in the probate filings submitted to this Court, although the attorney retained and purportedly paid by Rory is designated as counsel for Francis and other beneficiaries, the only counsel recognized as counsel for the Bankruptcy Estate is Trustee's Counsel. (*See* Dkt. 82).

In or around February 2021, the Bankruptcy Estate received a distribution from the Probate Litigation in the amount of $84,970.01 (the "Distribution"). (*See* Dkt. 82 at Ex. 3-5; 5/11/2021 Hearing Tr. 3:7-8). The parties have represented to the Court that the Distribution is the sole or primary asset of the Bankruptcy Estate that has value to general unsecured creditors.

Rory has represented to the Court that at some point in time, Francis agreed to reimburse him for an equitable portion of the attorneys' fees and expenses he incurred in the Probate Litigation (the "Agreement"). No additional information about the terms or timing of the Agreement have been provided to the Court.

During the hearing on the Motion, Trustee's Counsel represented that although this case has been pending for nearly a decade, neither he nor the Trustee became aware of the Agreement until recently. (5/11/21 Hearing Tr. 4:1-8). Trustee's Counsel further represented that there was never any agreement between the Trustee and Rory as to reimbursement or payment of attorneys' fees and costs incurred by Rory. (5/11/21 Hearing Tr. 5:21-25, 6:9-13). Rory did not controvert either of these representations during the hearing.

In the Motion, Rory moves the Court pursuant to § 503(b)(1)(A)[3] to grant him an administrative expense claim in the amount of $31,017.52, which amount Rory asserts represents the percentage of the attorneys' fees and costs that he incurred and represents he paid during the Probate Litigation that are attributable to the Bankruptcy Estate (the "Claim"). To calculate the amount of the Claim, Rory divided the $279,157.65 in attorneys' fees and related costs that he incurred and paid in the context of the Probate Litigation (the "Total Fees") by the nine beneficiaries, one of which being the Bankruptcy Estate, that Rory represents benefitted from his payment of the Total Fees. (*See* Dkt. 65 at Ex. 2). In the alternative, Rory moves this Court to grant him an administrative expense claim in the amount of $25,560.08, representing what he alleges is the equitable apportionment of the fees and costs that were incurred post-petition that are attributable to the Bankruptcy Estate, and a general unsecured claim for the remainder of the Claim.

---

[3] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

No objections to the Motion were filed. However, the Court can only grant Rory an administrative expense claim if and to the extent the elements of § 503(b)(1)(A) are satisfied.[4]

**III. Legal Analysis**

Pursuant to § 503(b)(1)(A), "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including – the actual, necessary costs and expenses of preserving the estate . . . ."

In order to establish entitlement to a § 503(b)(1)(A) claim, the claimant must establish, by a preponderance of the evidence, that the debt he asserts is entitled to administrative expense priority: "(1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate." *In re Abercrombie*, 139 F.3d 755, 757 (9th Cir. 1998) (quoting *In re DAK Indus.*, 66 F.3d 1091, 1094 (9th Cir. 1995)); *see also In re Cook Inlet Energy LLC*, 583 B.R. 494, 501 (B.A.P. 9th Cir. 2018).[5]

Ninth Circuit case law is clear: § 503(b)(1)(A) is to be narrowly construed. *In re Dant & Russell, Inc.*, 853 F.2d 700, 706 (9th Cir. 1988). Narrow construction of the statute is necessary "to keep fees and administrative costs at a minimum[,]" and "to protect the limited assets of the estate for the benefit of the unsecured creditors' interests . . . ." *Id.*

**A. Nature of the Debt**

It is undisputed that Rory is seeking reimbursement of fees and costs he incurred and represents he paid to law firms during the course of the Probate Litigation.

As an initial note, compensation cannot usually be granted for professional services unless the court has authorized the employment of the professional who rendered the services. *See In re Mehdipour*, 202 B.R. 474, 479 (B.A.P. 9th Cir. 1996); *In re Shirley*, 134 B.R. 940, 943 (B.A.P. 9th Cir. 1992). Section 503 cannot be used to allow professionals to side-step or

---

[4] Although Rory asks the Court to invoke "equitable and moral principles," the Court can only exercise its equitable powers within the confines of the Bankruptcy Code. *Law v. Siegel*, 571 U.S. 415, 421 (2014) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)).

[5] The Supreme Court has carved out an exception to the traditional § 503(b)(1)(A) requirements for certain post-petition tort claims, which exception no party argues applies to the matter before the Court. *See Reading Co. v. Brown*, 391 U.S. 471 (1968); *see also In re Ybarra*, 424 F.3d 1018, 1025 n.10 (9th Cir. 2005).

otherwise avoid the requirements of §§ 327 and 330, which generally require that estate professionals not hold or represent any adverse interest to the debtor or estate, and allow for compensation to professionals only to the extent reasonable. *See Mehdipour*, 202 B.R. at 479; 11 U.S.C. §§ 327 & 330.

Although the claimant in this case is not a professional, he is seeking reimbursement for professional fees that he asserts benefitted the Bankruptcy Estate. The procedure employed in this case has stripped this Court of its ability to ensure that professionals acting on behalf of the Bankruptcy Estate do not hold an adverse interest to the Debtors or Bankruptcy Estate, and are compensated only to the extent reasonable. Further, as discussed below, even if § 503(b)(1)(A) is available to Rory, Rory has failed to establish that he is entitled to a § 503(b)(1)(A) administrative expense claim.

**B. Whether the debt "arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession)"**

Given that this is a chapter 7 case, the initial § 503(b)(1)(A) inquiry is whether the debt arose from a transaction with the Trustee, or alternatively, whether Rory gave consideration to the Trustee. *In re Abercrombie*, 139 F.3d at 757 (quoting *In re DAK Indus.*, 66 F.3d at 1094; *In re Ybarra*, 424 F.3d 1018, 1025 n.9 (9th Cir. 2005) ("The 'debtor in possession' is a debtor in a Chapter 11 or Chapter 12 case or a person who has qualified as a trustee under § 322.").

"In determining whether there was a transaction with the trustee, the creditor asserting an administrative expense claim must prove there was some inducement by the trustee causing the creditor to incur the expense." *In re Nichols*, BAP No. AZ-09-1325-PaDJu, 2010 WL 6259965, at *5 (B.A.P. 9th Cir. March 17, 2010). "The alternative to proving a transaction, a showing that the claimant gave consideration to the trustee, requires that the creditor prove that the trustee induced the creditor's performance, and that performance was then rendered by the creditor to the estate." *Id.*

In this case, Rory has represented that the Claim arises from the Agreement between himself and Francis as to the funding and/or reimbursement of expenses incurred in the Probate

Litigation. Trustee's Counsel represented, and Rory did not dispute, that the Trustee: (1) did not know about the alleged Agreement; and (2) did not assume or reaffirm the Agreement, or otherwise enter into a post-petition agreement with Rory. There is nothing in the record that otherwise suggests that the Trustee or Trustee's Counsel induced Rory to incur the fees at issue.

Based upon the foregoing, even if § 503(b)(1)(A) is available to Rory, Rory has failed to establish that he is entitled to a § 503(b)(1)(A) claim for any of the fees or costs incurred pre- or post-petition.

### C. Whether the debt "directly and substantially benefitted the estate"

No party disputes that the fees that Rory incurred and seeks reimbursement for benefitted the Bankruptcy Estate in that they contributed to or resulted in the Distribution. Further, the parties have represented that the Distribution is the only or the primary asset available for distribution to general unsecured creditors. However, Rory's funding of the Probate Litigation benefitted not only the Bankruptcy Estate, but also Rory and numerous other third-party beneficiaries.[6] As the Ninth Circuit B.A.P. has recognized, "[t]o qualify as an administrative expense under § 503(b)(1)(A), the expense must not be incurred with the intent to benefit the person making the expenditure." *Nichols*, 2010 WL 6259965, at *7. The record reflects that the fees and costs at issue were incurred by Rory primarily to benefit himself, or, at best, himself and numerous others, and not to preserve or specifically benefit the Bankruptcy Estate. Based upon the record before the Court, the benefit to the Bankruptcy Estate was incidental.

### IV. Conclusion

Ultimately, Rory has failed to satisfy his burden of establishing that the Claim represents "actual, necessary costs and expenses of preserving the estate . . ." within the meaning of § 503(b)(1)(A). Further, "[t]he purpose of the administrative expense priority afforded by the Code is to encourage third parties to enter into agreements with the trustee for the benefit of the estate." *Nichols*, 2010 WL 6259965, at *5. In this case, given that there was no agreement with the Trustee, and given that the benefit to the Bankruptcy Estate was incidental, the policy of

---

[6] The distribution approved by the probate court discloses that 12 beneficiaries received distributions. (Dkt. 82 at Ex. 3-4).

§ 503(b)(1)(A) would not be served by allowing the Claim.

That being said, this Court's ruling is as to the Motion, which requests an administrative priority claim. The Court makes no determination as to whether Rory may assert a general unsecured claim in this case to the extent the Agreement with Francis was a pre-petition agreement.

Wherefore, based upon the foregoing, and for good cause shown;

**IT IS HEREBY ORDERED** denying the Motion.

**DATED AND SIGNED ABOVE.**

Notice to be sent through the Bankruptcy Noticing Center ("BNC") to the following:

Francis Riley
Julie Riley
400 N John Adams Box 1812
Oracle, AZ 85623

All interested parties

Notice of Electronic Filing to be sent via email, through the CM/ECF System, to ALL registered users, including:

Rory Brian Riley, Esq.
Riley Law
*Counsel for Rory John Riley and Carolee Riley*

Adam Nach
Lane & Nach, P.C.
*Counsel for Stanley J. Kartchner, Chapter 7 Trustee*

Stanley J. Kartchner, Chapter 7 Trustee

U.S. Trustee; Office of the U.S. Trustee